UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

MARY R. JOHNSON,
    Plaintiff,
v.                                        CASE NO.: 3:16-cv-00178-J-MCR

SPECIALIZED LOAN SERVICING, LLC,

    Defendant.
_____/

## PLAINTIFF MARY R. JOHNSON'S MOTION FOR AN AWARD OF PREVAILING PARTY ATTORNEY'S FEES

        Plaintiff Mary R. Johnson, by and through her undersigned counsel, and pursuant to Federal Rule of Civil Procedure 54(d)(2) and Middle District of Florida Local Rule 4.18, hereby moves for an award of prevailing party attorneys' fees.  As we explain below, Ms. Johnson has obtained a judgment in her favor that includes an award of actual and statutory damages. That judgment was entered on September 18th, 2018 and can be found at (D.E. 115).  It therefore follows that Ms. Johnson has prevailed on her claims arising under the Real Estate Settlement Procedures Act (12 U.S.C. §2605, also known as "RESPA") and the Fair Debt Collection Practices Act (15 U.S.C § 1692k(3), also known as the "FDCPA").  As a result, she is entitled to the benefits of the attorney fee shifting provision found in both statutes.

### I. PROCEDURAL HISTORY

        As the Court observes in its Findings of Fact and Conclusions of law, this case began on January 11th, 2016 when Ms. Johnson filed a complaint against Defendant Specialized Loan Servicing (SLS) in the Small Claims Court of the Fourth Judicial Circuit, in and for Duval County, Florida.  (D.E. 114, p.1).   The original complaint alleged that SLS and its then co-

1

defendant The Bank of New York Mellon f/k/a the Bank of New York, as Trustee for the Certificate Holders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-26 violated the Real Estate Settlement Procedure Act ("RESPA") provisions relating to loss mitigation, and also that both defendants violated the Fair Debt Collection Practices Act (FDCPA) in connection with Ms. Johnson's mortgage. (*Id*). The defendants removed the action to this Court. (*Id*).

On April 12th, 2017, Ms. Johnson filed the operative Second Amended Complaint. (*Id.* p.2 citing D.E. 47). The operative Second Amended Complaint asserts claims against SLS only. In addition to the original RESPA and FDCPA claims asserted in Counts I and II respectively of the original complaint filed in small claims court, Plaintiff added three additional claims in separate counts. (*Id.* p. 2). Count III of the operative complaint alleges that SLS violated RESPA's requirements relating to error resolution. Count IV alleges common law negligence and Count IV alleges a violation of the Florida Consumer Collection Practices Act (FCCPA). (*Id*.)

The case proceeded to a non-jury trial that began on February 5th, 2018 and concluded the following day. (*Id*.). On September 17th, 2018 the Court entered extensive findings of fact and conclusions of law. (D.E. 114). In those findings, the Court found that Plaintiff had proven both of her RESPA claims, her FDCPA claim, and her common law negligence claim. (*Id.,* p. 29-30). The Court awarded Plaintiff $500 in statutory damages for the FDCPA violation (*Id*. p. 28 ¶.38), and also awarded Plaintiff $1,500 in emotional distress damages. (*Id.* ¶.41). In addition, the Court awarded $8.55 in out-of-pocket expenses relating to postage for sending Ms. Johnsons' fourth Notice of Error due to SLS's previous failure to adequately respond to her prior Notices of Error in violation of RESPA. (*Id*., ¶.40). However, the Court found that Ms. Johnson failed to establish that SLS knew it was bound by the 2015 loan modification offer and

2

therefore her FCCPA claim pled in Count V failed. (*Id*., ¶.40).    Thereafter judgment was entered in Plaintiff's favor in the amount of $2,008.55 on Counts I through IV.

## II.  PLAINTIFF PREVAILED ON HER RESPA CLAIMS AND IS THEREFORE ENTITLED TO AN AWARD OF PREVAILING PARTY ATTORNEY'S FEES UNDER 12 U.SC. §2605(f)

In addition to allowing a borrower who has been injured by a RESPA violation to recover any actual damages sustained by the borrower as a result of the violation, RESPA further provides that   "…in the case of any successful action under this section"  the borrower may recover  "the costs of the action, together with any attorney's fees incurred in connection with such action as the court may determine to be reasonable under the circumstances."  12 U.S.C. § 2605(f)(3).  Here, Plaintiff has obtained judgment in her favor on both of her RESPA claims. Accordingly, her RESPA claims in this case constitute a "successful action under this section" and she is therefore entitled to recover her reasonable attorney's fees.

## III. PLAINTIFF PREVAILED ON HER FDCPA CLAIM, AND IS THEREFORE ENTITELD TO AN AWARD OF PARTY ATTORNEY'S FEES UNDER 15 U.S.C § 1692k(3)

Like RESPA, "[t]he FDCPA authorizes an award to any successful plaintiff of the costs of the action and a "reasonable attorney's fee as determined by the court."  *Moton*, 297 Fed.Appx 930, 931 citing 15 U.S.C. § 1692k(a)(3).  Specifically, § 1692k(a)(3) authorizes an award of attorneys' fees and costs "in the case of any successful action to enforce the foregoing liability."  The judgment entered in this case includes actual and statutory damages, making this a successful action to enforce liability under the FDCPA.

*(Continued on Next Page)*

## IV.  THE OUTCOME ON THE FCCPA CLAIM DOES NOT JUSTIFY AN REDUCTION IN AMOUNT OF FEES THAT PLAITIFF SHOULD RECOVER

Conversely, Plaintiff did not prevail on her FCCPA claim.  Nevertheless, her attorney fee recovery should not be reduced as a result.  As the United States Supreme Court explained in *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 1940, 76 L. Ed. 2d 40 (1983)

> [w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.
>
> *Id.* citing *Davis v. County of Los Angeles,* 8 E.P.D. ¶ 9444, at 5049 (CD Cal.1974).

Ms. Johnson respectfully submits that, although the amount of her recovery was minimal, she obtained excellent results in this case.  She obtained judgment in her favor on four of the five claims she alleged.  Furthermore, the FCCPA claim was closely related to the other claims on which Ms. Johnson did prevail.  Importantly, the Court only rejected Ms. Johnson's FCCPA theory because it found that evidence was insufficient to sustain her burden to prove that SLS had actual knowledge that it was bound by the original loan modification offer.  (Findings of Fact and Conclusions of Law, D.E. 114, p.27 ¶¶. 34-35).   This was Ms. Johnson's only substantive contention in this case that the Court did not accept.

Moreover, the FCCPA claim arises from the same common nucleus of operative fact as the other claims.  It would not be practical to attempt to isolate any specific time entries in Plaintiff's counsels' contemporaneous time records that applied solely to the FCCPA portion of her five claims.

Although *Hensley* is a civil rights case, the 11th Circuit has held that Supreme Court precedent in civil rights fee-shifting cases is applicable in the consumer protection context. *Moton v. Nathan & Nathan, P.C.,* 297 F. App'x 930, 931 (11th Cir. 2008) citing *Hollis v. Roberts,* 984 F.2d 1159, 1161 (11th Cir.1993).  Accordingly, consistent with the Supreme Court's analysis in *Hensley,* Plaintiff respectfully submits that the attorney fee award in this case should not be reduced because she did not prevail on her FCCPA claim.

### V.   LODESTAR ANALYSIS

In *Moton* the 11th Circuit held that a lodestar analysis should be used when calculating an attorney fee award under the FDCPA. 297 F. App'x  at 93.  Similarly in *Barrett v. Green Tree Servicing, 214* F. Supp. 3d 670, 674 (S.D. Ohio 2016), the Court applied a lodestar analysis when awarding shifted fees under RESPA.   The lodestar is initially calculated by "…multiplication of a reasonable hourly rate times the hours reasonably expended."  *See Norman v. Hous. Auth. of City of Montgomery,* 836 F.2d 1292, 1302 (11th Cir. 1988).  The lodestar may then be adjusted upwards or downs depending upon the ultimate result of the case.

**Reasonable Hourly Rate for Jeffrey Golant**

Plaintiff respectfully submits that a reasonable hourly rate for Jeffrey Golant in this case should be $400 per hour.  As discussed in the accompanying declaration of Jeffrey Golant, he was admitted to Florida Bar on April 15th, 2004 and has therefore been practicing for approximately 14 years.  This case was the fourth case involving a RESPA claim where Mr. Golant represented a borrower through trial since the Dodd/Frank Act amendments to RESPA became effective in 2014.   In addition to this case, Mr. Golant has also represented borrowers pursuing RESPA claims through trial in *Burdick v. Bank of America* (S.D. Fla. Case 14-cv-62137)(jury trial),  *Paz v. Seterus* (S.D. Fla. Case No. 14-cv-62513)(non-jury trial)  and *Iaffaldano v. Sun West Mortgage Company, Inc.* (S.D. Fla. 2:17-cv-14222-RLR).

5

As also discussed in Mr. Golant's incorporated declaration, since the Dodd/Frank Amendments to RESPA were implemented in 2014, Mr. Golant has represented borrowers in four different appeals that have been decided by the 11th Circuit.  *Lage v. Ocwen Loan Servicing LLC,* 839 F.3d 1003 (11th Cir. 2016), *Nunez v. J.P. Morgan Chase Bank, N.A.,* 648 F. App'x 905, 907 (11th Cir. 2016), *Berene v. Nationstar Mortg. LLC*., 686 F. App'x 714, 715 (11th Cir. 2017) and *Finster v. U.S. Bank Nat'l Ass'n.,* 723 F. App'x 877, 878 (11th Cir. 2018).  In addition, Mr. Golant is also currently involved in a number of pending appeals before the 11th Circuit involving mortgage servicing issues arising under RESPA and, in one case, the FDCPA.

As also discussed in Mr. Golant's accompanying declaration, to the best of his knowledge and recollection, he has only been involved in two matters where the Court was called upon to determine a reasonable fee to be awarded for his time.  The most recent matter was *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.,* No. 10-21511-CIV, 2011 WL 13220459, at *15 (S.D. Fla. May 18, 2011), *report and recommendation adopted*, No. 10-21511-CIV, 2011 WL 13220497 (S.D. Fla. June 20, 2011).  In that matter, decided in 2011, Mr. Golant was awarded $334.25 per hour using a blended rate methodology. At that point in time, he had been practicing for approximately 6 years. As the *Royal Bahamian* Court observes,  Mr. Golant had been awarded $275 in *Jin Zhi Star Lt. LLC v. American Zurich Ins. Co.*, No. 08-61191-CIV, 2009 WL 2899913, at *6 (S.D. Fla. Sept. 9, 2009) decided two years prior. Here, Mr. Golant requests a modest increase of $65.75 from the hourly rate used in *Royal Bahamian in* 2011, fully nine years ago. Mr. Golant further submits that if the $59.25 per hour increase was warranted during the two years that passed between *Jin Zhi Star* and *Royal Bahamian,* the $65.75 increase sought here, after 7 years, is also reasonable.

As further support for the reasonableness of the requested hourly rate $400 hourly rate requested, Plaintiff notes that in *Hepsen v. J.C. Christensen & Assocs., Inc.,* 394 F. App'x 597, 599 (11th Cir. 2010) the 11th Circuit affirmed a $300 per hour award. That case arose from the Middle District of Florida and was decided in 2010.

### Reasonable Hourly Rate for Sean Foo

As explained in the accompanying declaration of Jeffrey Golant, Sean Foo was associated with The Law Offices of Jeffrey N. Golant, P.A. while this case was pending, but has since moved on to other endeavors. Mr. Foo was admitted to the Florida Bar on September 23rd, 2014, and therefore has less than four years' experience. As the incorporated time entries reflect, Mr. Foo performed only limited tasks that consisted primarily of supporting and assisting Mr. Golant. In *Shannon v. Saab Training USA, LLC*, No. 6:08CV803-ORL-19DAB, 2009 WL 1773808, at *6 (M.D. Fla. June 23, 2009), the Court found that a reasonable rate for attorneys in Florida's Middle District with 3 to 5 years' experience was between $175 and $225. Notably, this case was decided in 2008. Nevertheless, and in light of the limited nature of the tasks that Mr. Foo performed in this particular case, Plaintiff suggests that an hourly rate of $175 for Mr. Foo is reasonable for his work done in this case.

### Reasonably Hourly Rate of Bambi Lynn Drysdale.

Plaintiff respectfully submits that Ms. Drysdale's reasonable hourly rate should be $350.00. She has been a practicing attorney in the area of consumer for over 30 years and considered an expert in the field of mortgage litigation. She has been awarded a rate of $475.00 in 2015 and awarded an average rate of $400.00 to $425.00. She has discounted her requested rate in this case because her previous awards have been in state court cases although she is equally qualified in both state and federal court. Her tenure on the Consumer Advisory Board of

7

the Consumer Financial Protection Bureau gave her a wider working knowledge of RESPA, Regulation X and the FDCPA.

### The Amount of Time Expended

As the contemporaneously kept time records incorporated into Mr. Golant's accompanying declaration reflects Mr. Golant spent approximately 158.41 hours working on this matter. At the requested hourly rate, this would result in an $63,364 award. Mr. Foo spent a total of 9.59 hours on tasks relating to this case. At the requested hourly rate of $175 for his time, this would result in a total award of $1,678.25. In total, Plaintiff requests an award of $65,042.25 for time spent by Mr. Golant and Mr. Foo. No additional time is requested for any other individual associated with The Law Offices of Jeffrey N. Golant. P.A.

As the contemporaneously kept time records incorporated into Ms. Drysdale's accompanying declaration reflects Ms. Drysdale spent over 122 hours hours working on the above styled case. However, Ms. Drysdale has voluntarily reduced the amount of time she requests to only 89.4 hours, and has not sought compensation for time expended by other attorneys and paralegals from Jacksonville Area Legal Aid who also worked on this case. (Declaration of Lynn Drysdale ¶.9). The total amount Plaintiff seeks for Ms. Drysdale's time is $31,290, bringing Plaintiff's total fee request to $96,332.25.

Although the total fee request is substantial, it should not be forgotten that total amount of time expended was primarily a consequence of SLS's decision to remove this case from state small claims Court and mount an aggressive defense.

**CONCLUSION**

For the reasons set forth above, Plaintiff Mary R. Johnson respectfully requests that this Honorable Court award her $96,332.25 in prevailing party attorneys' for her successful claims in this action.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that he has conferred with defense counsel regarding the relief requested in this motion but was unable to reach any agreement.

          **RESPECTFULLY SUBMITTED,**

          /**s/ Jeffrey N. Golant**
          Jeffrey N. Golant Esquire
          Fla. Bar No. 070773
          THE LAW OFFICES OF JEFFREY N. GOLANT,
          7301 Wiles Rd. Ste. 201
          Coral Springs, FL 33067
          Tel: (954)942 5270
          Fax: (954) 942-5272
          jgolant@jeffreygolantlaw.com
          Co-counsel for Plaintiff Mary Johnson

          Lynn Drysdale, Esquire
          Fla. Bar No.: 608489
          Fla. Bar No.: 608489
          Jacksonville Area Legal Aid, Inc.
          126 W. Adams Street
          Jacksonville, Florida 32202
          Telephone:  (904) 356-8371, ext 306
          Facsimile: (904) 515-2662
          lynn.drysdale@jaxlegalaid.org
          jalaconsumer@jaxlegalaid.org
          Co-counsel for Plaintiff Mary Johnson
          and

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that the foregoing document was electronically filed and served this 25th day of September by using the CM/ECF system and served upon the following counsel of record:

N. Mark New II, Esq.
Email: mnew@mcglinchey.com Derek Mountford, Esq.
Email: dmountford@mcglinchey.com
McGlinchey Stafford
10407 Centurion Pkwy, North, Suite 200

Jacksonville, Florida 32256
904-224-4499
Counsel for Defendant Specialized Loan Servicing LLC.

\s\Jeffrey N. Golant