# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MARY R. JOHNSON,

    Plaintiff,

v.                                  CASE NO. 3:16-cv-00178-J-MCR

SPECIALIZED LOAN SERVICING, LLC,

    Defendant.
_____/

## DEFENDANT SPECIALIZED LOAN SERVICING, LLC'S UNOPPOSED MOTION TO VACATE JUDGMENT [D.E. 115] AND FINDINGS OF FACT AND CONCLUSIONS OF LAW [D.E. 114]

Defendant, SPECIALIZED LOAN SERVICING, LLC ("Defendant" or "SLS"), by and through its undersigned counsel, hereby moves this Court, pursuant to Fed. R. Civ. P. 60(b), for an Order vacating: (1) the Findings of Fact and Conclusions of Law entered on September 17, 2018 and filed on September 18, 2018 (the "Findings"), and (2) the Judgment entered and filed on September 18, 2018 (the "Judgment"). In support hereof, SLS states as follows:

### PROCEDURAL HISTORY

1.     On September 17, 2018, this Court entered the Findings, which were docketed on September 18, 2018. Thereafter, on September 18, 2018, the Clerk of this Court entered Judgment in favor the Plaintiff, Mary R. Johnson ("Plaintiff"), pursuant to the Findings.

2.     On September 25, 2018, Plaintiff filed her Motion for Attorneys' Fees and on October 2, 2018 Plaintiff filed her Motion for Taxation of Costs.

3.     On October 12, 2018, SLS filed its Notice of Appeal as to the Findings and the Judgment.

4.      In light of the Notice of Appeal, this Court denied the Motion for Attorneys' Fees and the Motion for Taxation of Costs without prejudice.

5.      On October 16, 2018, the Notice of Appeal was docketed with the Eleventh Circuit Court of Appeals, and the case was assigned case number 18-14390 (the "Appeal").

6.      On December 26, 2018, SLS filed its Appellant's Brief, and on January 2, 2019 filed its Appendix with the record documents from the proceedings before this Court.

7.      Thereafter, the Parties agreed in principal to amicably resolve this matter while Appeal was pending. As of February 14, 2019 the Parties had fully executed a Confidential Settlement Agreement (the "Agreement") to resolve this litigation.

8.      Pursuant to the terms of the Agreement, SLS filed a Motion to Dismiss the Appeal on March 7, 2019. Thereafter, the Eleventh Circuit entered dismissal of the appeal on March 11, 2019. [D.E. 127].

9.      As part of the Settlement Agreement, Plaintiff expressly agreed to not oppose this Motion by SLS to Vacate the Findings and the Judgment.

10.     SLS believes it has valid arguments in support of its appeal, however, SLS has decided to settle this matter in order to avoid the continuing cost of litigation and the uncertainty of the results of the appeal.

## STANDARD OF REVIEW AND JURISDICTION

Upon dismissal of the Appeal, this Court has jurisdiction to entertain this motion pursuant to Fed. R. Civ. P. 60(b)(5) and Fed. R. Civ. P. 60(b)(6). Specifically, Rule 60(b) states that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for …
>
> (5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been released or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

A Motion to Vacate under Fed. R. Civ. P. 60(b) is subject to the "sound discretion of the district court." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

## **MEMORANDUM OF LAW**

Although the Supreme Court has held that the mere agreement by parties, pursuant to a settlement, to *vacatur* of a judgment or an order is not, on its own, grounds for this Court to exercise its discretion under Rule 60(b), the Court did note that "[t]his is not to say that *vacatur* can never be granted when mootness is produced [by reason of settlement]." *U.S. Bancorp. Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994). The Court continued, noting that the determination of whether a judgment should be vacated is "equitable" and that "exceptional circumstances" may merit that relief. *Id.*

The Eleventh Circuit has recognized that *Bancorp* is the correct standard to be applied by a District Court when determining "whether *vacatur* is appropriate after a case settles." *Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331, 1334 (11th Cir. 2016). In adopting *Bancorp*, the Eleventh Circuit has noted that it "embraces the equitable nature of the Supreme Court's *Bancorp* inquiry . . . [under which] courts determine the propriety of granting *vacatur* by weighing the benefits of settlement to the parties and to the judicial system (and thus to the public as well) against the harm to the public in the form of lost precedent." *Id.* at 1336. The Eleventh Circuit further noted that the application of these equitable considerations vary with each case. *Id.*

Here, the circumstances warrant *vacatur* of the Findings and the Judgment. First, as a result of the Parties' Agreement, the Findings and the Judgment have no further precedential effect as between these Parties, as their dispute has been resolved. In addition, the Plaintiff has indicated that she does not oppose the *vacatur* of the Findings and the Judgment, as sought in this Motion.

The settlement by the Parties also concludes the need for this litigation to continue, saving the resources of the Courts and the Parties. Indeed, the settlement resolves both the Appeal before the Eleventh Circuit and any subsequent litigation in this Court, including actions on remand or for an award of attorney's fees that might occur following resolution of the issues in the Appeal. As the Eleventh Circuit has noted, "the public interest is . . . served by settlements when previously committed judicial resources are made available to deal with other matters, advancing the efficiency of the federal courts." *Hartford*, 828 F.3d at 1337. As such, *vacatur* of the Judgment and the Findings is both in the interest of the Parties, and of benefit to the public.

On the other hand, it is respectfully submitted that the Judgment and conclusions of law made in the Findings would be of slight precedential value to future litigants, as the both were based upon the very specific and detailed findings of fact made in the instant matter by this Court. Although the public interest is served by the preservation of judicial precedent, given the fact-specific nature of the findings at issue here, and in light of the benefits to the Parties and the federal court system as a whole that would be served by *vacatur*, SLS requests that this Court give effect to the purpose and beneficial effect of settlement, agreed to by the Parties, and consider those in equity against the slight public interest that may exist in the precedential value of the Judgment and the Findings.

The value of this Settlement has the effect of finally resolving the dispute between the Parties in an amicable fashion, saving the need for further cost and expense by the Parties or by the federal courts. The value to the public of these savings is not only commonly recognized, but also as stated above, an accepted benefit in the eyes of the Eleventh Circuit. Therefore, the Judgment and the Findings should be vacated pursuant to Fed. R. Civ. P. 60(b)(5) as it is no longer equitable that the Judgment and the Findings have prospective application. *Vacatur* of the

Judgment and the Findings are also appropriate under Fed. R. Civ. P. 60(b)(6) as the nature of the settlement reached between the Parties and the consequential savings to the federal court system constitute other circumstances that would justify this relief. SLS respectfully submits that equitable principles weighed in light of the circumstances of this case should lead the Court to exercise its discretion and vacate the Judgment and the Findings.

WHEREFORE, Defendant SLS respectfully requests that this Court enter an Order granting this Unopposed Motion and vacate: (1) the Findings of Fact and Conclusions of Law entered on September 17, 2018 and filed on September 18, 2018 (the "Findings"), and (2) the Judgment entered and filed on September 18, 2018 (the "Judgment"), and for such other and further relief as this Court deems just and proper.

### CERTIFICATION PURSUANT TO LOCAL RULE 3.01(G)

Pursuant to Local Rule 3.01(g), counsel for Defendant conferred with Plaintiff's counsel prior to filing this motion, and counsel stated that they do not oppose the vacation of the Findings and the Judgment sought herein.

Respectfully submitted,

McGLINCHEY STAFFORD

/s/ Peter J. Maskow

William L. Grimsley, Esq.
Florida Bar No. 0084226
10407 Centurion Pkwy. N., Ste. 200
Jacksonville, FL 32256
Telephone: (904) 224-4496
Facsimile: (904) 212-0131
wgrimsley@mcglinchey.com
lwhite@mcglinchey.com

Peter J. Maskow, Esq.
Florida Bar # 91541
One East Broward Blvd., Suite 1400

Fort Lauderdale, FL 33301
(954) 356-2509 (telephone)
(954) 446-1643 (facsimile)
pmaskow@mcglinchey.com
jruiz@mcglinchey.com

**Attorneys for Defendant Specialized Loan Servicing, LLC**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished, electronically, through the CM/ECF system, to all parties on the mailing matrix, this 12th day of March, 2019.

**VIA E-FILING PORTAL**

Lynn Drysdale, Esq.
Jacksonville Area Legal Aid, Inc.
126 W. Adams Street
Jacksonville, FL  32220
lynn.drysdale@jaxlegalaid.org
jalaconsumer@jaxlegalaid.org
Co-Counsel for Plaintiff Mary Johnson

Jeffrey N. Golant, Esq.
The Law Office of Jeffrey N. Golant
1999 N. University Drive, Suite 213
Coral Springs, FL  33071
jgolant@jeffreygolantlaw.com
Co-Counsel for Plaintiff Mary Johnson

*/s/ Peter J. Maskow*
Attorney